No. 3673.—PAUL LEFEVRE v. MISS ESTELLE LANDRY—J. A. LANDRY, Garnishee.

A judgment creditor can not maintain a garnishment process, or seize by attachment, the rights and credits of the debtor, until he has obtained judgment on his demand, unless he shows that a fraudulent or simulated transfer has been made by the debtor of his property before the attachment was levied. C. P. 240.

APPEAL from the Fourth Judicial District Court, parish of Ascension. *Beauvais, J. R. N. Simes,* for plaintiff and appellant. *Duffel, Nichols & Pugh,* for defendant and appellee.

LUDELING, C. J. The plaintiff sued the defendant on a stated account, and alleged that she had made a simulated transfer of all her property to J. A. Landry, with the purpose of defrauding her creditors, and he prayed for a writ of attachment, and that J. A. Landry be garnisheed.

There was judgment in favor of the plaintiff for the amount of his claim and dismissing the attachment, and he has appealed.

It is admitted that the plaintiff has failed to prove that the transfer from defendant to J. A. Landry was fraudulent. It follows as a matter of course, therefore, that the attachment, which was based on the supposition that the transfer had been fraudulent or simulated, must fall— *"sublato fundamento cadit opus."* Hence the plaintiff could neither attach nor seize otherwise any right of defendant before he had a judgment. C. P., art. 240, No. 4.

It is therefore ordered and adjudged that the judgment of the district court be affirmed, with costs of appeal.